## Shapiro v. Berwind Corporation

*Mitchell A. Kramer*, for plaintiffs.
*Arthur E. Newbold, IV*, for defendants.

KING, *J.*, March 25, 1980—Presently before the court are defendants' preliminary objections to plaintiffs' class action complaint in trespass. The objections presented by defendants pursuant to Pa.R.C.P. 1017 allege that this court lacks subject matter jurisdiction.

Since plaintiffs have not moved that the action be certified as a class action and because the certification hearing is not to be held until the pleading stage is concluded, defendants' preliminary objections must be disposed of initially: Pa.R.C.P. 1017(a). Consequently, this court must now decide the question raised by defendants' preliminary objections.

Plaintiffs, David V. and Ethel G. Shapiro, have sought to have the present action proceed as a class

action on behalf of all persons except defendants herein, who owned common stock in Colorcon, Inc. on the date of its merger with Newcolor, Inc., a Pennsylvania corporation wholly owned by defendant, Berwind Corporation.

In June, 1978, Colorcon sent its shareholders including plaintiffs a proxy statement concerning the proposed merger of Colorcon and a subsidiary of Berwind. On June 30, 1978, the requisite percentage of shareholders approved the merger. Plaintiffs do not contend that anything was misstated to the Colorcon shareholders in connection with the merger.

Plaintiffs, however, do allege that the terms of the merger were inadequate to them and constituted a breach of fiduciary duty by defendants Byrne, Boehning, Faux, Attaway and Smith, Barney because the purchase price of the stock was inadequate, the assets of Colorcon which properly belonged to its shareholders were given to Byrne, Boehning, Faux and Attaway for no consideration and Colorcon's assets were wasted by the excessive payments to Smith, Barney. Plaintiffs also allege that defendant Colorcon is liable through its officers, directors and employes for permitting these violations of the law. It is further alleged that since the individual defendants and a vice president of Smith, Barney held positions of trust in Colorcon, their acquiescence to the merger was a breach of fiduciary duty.

Plaintiffs, in addition, allege that defendant Berwind interfered with the fiduciary relationship between defendants Byrne, Boehning, Faux, Attaway, Smith, Barney, and Colorcon by inducing these defendants to adopt the merger and permit-

ting Berwind to purchase Colorcon for inadequate consideration. In essence, plaintiffs' complaint alleges defendants' breach of fiduciary duty in connection with the merger.

Plaintiffs, on their own behalf, and on behalf of all those similarly situated, filed suit seeking to claim the sum of $834,000 paid to individual defendants, $215,000 paid to defendant Smith, Barney, incentive payments made or to be made to defendants Byrne, Boehning and Faux, the difference between the price paid plaintiffs and members of the alleged class for their stock in Colorcon and the fair market value of the stock on the date of the merger, interest on sums found to be due to plaintiffs from the date such sums were due, costs of this litigation and reasonable attorney fees as well as such punitive damages as may be determined by this court.

Defendants Berwind Corporation, John J. Byrne, Jr., Thomas D. Boehning, Robert J. Faux, Smith, Barney, Harris Upham and Company and Colorcon, Inc. filed preliminary objections to the complaint alleging that this court lacks jurisdiction over plaintiffs' purported cause of action. As indicated by the respective legal briefs and oral arguments, the parties disagree as to the applicability of section 515 of the Pennsylvania Business Corporation Law of May 5, 1933, P.L. 364, as amended, 15 P.S. §1515, and In re Jones & Laughlin Steel Corporation, _____ Pa. Superior Ct. _____, 398 A. 2d 186 (1979).

Under section 515 of the Pennsylvania Business Corporation Law, a shareholder who objects to or dissents from a merger has the right to an appraisal

of his stock.* This statute also expressly states that this appraisal remedy is the exclusive remedy of shareholders who object or dissent to the merger. In re Jones & Laughlin Steel Corporation, supra, interprets section 515K to manifest the legislative intent to bar all actions except for an appraisal after the merger has been consummated. Therefore, the crux of plaintiffs' claim must be examined in light of the case and statutory law.

Plaintiffs argue a claim of breach of fiduciary duty occurring in relation to a merger does not trigger an application of section 515K and the resulting exclusive remedy of appraisal. Instead plaintiffs liken their complaint to one based on fraud where a New York court applying Pennsylvania law found the appraisal remedy not to be exclusive under the facts of that case: Miller v. Steinbach, 268 F. Supp. 255 (S.D.N.Y. 1967). Simply put, plaintiffs have structured an innovative complaint that attempts to circumvent the clear mandate of both this state's case and statutory law. While other states have seen fit to allow what plaintiffs now seek, this court feels constrained to adhere to the settled principles of Pennsylvania law as more specifically set forth hereinbelow and therefore sustains defendant's preliminary objections. See Lachman v. Bell, 353 F. Supp. 37 (S.D.N.Y. 1972).

Plaintiffs would have this court believe that they are not seeking to invalidate the merger when, in

---

*K. "Any shareholder, who desires to object to, or to dissent from, any proposed plan authorized under any section of this act, and where this act provides that shareholders so objecting or dissenting shall have the rights and remedies herein provided, shall be limited to the rights and remedies prescribed under this section, and the rights and remedies prescribed by this section shall be exclusive."

fact, the remedy they seek asks this and more. Specifically, they also seek $834,000 paid to individual defendants, $215,000 paid to defendant Smith, Barney, incentive payments made or to be made to defendants Byrne, Boehning and Faux, interest due plaintiffs on these sums, cost of litigation and reasonable counsel fees. Would not this court be forced to inquire into the terms of the merger to grant the relief sought and would not this, in effect, invalidate the merger? Plaintiffs' position is further complicated by the fact that the above noted sums were paid to the various defendants with the full knowledge of plaintiffs. Each of the items requested as remedy was included and explained in the proxy statement received by plaintiffs. Therefore plaintiffs cannot be heard to say that their complaint falls within the only judicially recognized exception to section 515K: Miller v. Steinbach, supra.

As Judge Spaeth noted in the case of In re Jones & Laughlin Steel Corporation, supra, any inquiry into whether a merger is valid may be a prolonged and expensive proceeding. The legislative objective of preventing dissenting shareholders who objected to a merger from frustrating or impeding the will of both the majority, who wanted the merger, and of other dissenters, who wanted an appraisal would be frustrated by allowing this action to continue. The fact that the alleged breaches of fiduciary duty occurred in relation to a merger does affect plaintiffs' right to seek damage relief for those alleged breaches. Neither section 515K of the Pennsylvania Business Corporation Law nor In re Jones & Laughlin Steel Corporation, supra, carves out any exception to the clear rule set forth therein.

Plaintiffs further contend that the doctrine of exclusiveness is not applicable where there is an alle-

gation of breach of fiduciary duty in connection with a merger. However, the question is one upon which our legislature has spoken; it has enacted the doctrine of exclusiveness, and has not been persuaded to abandon it: In re Jones & Laughlin Corporation, supra. While neighboring jurisdictions have seen fit to permit a cause of action for damages based on breach of fiduciary duty in connection with a merger, this court cannot be persuaded to join in a position that stands in the face of this state's clear legislative directive: Lachman v. Bell, supra.

## ORDER

And now, March 25, 1980, it is hereby ordered and decreed that defendants' preliminary objections to jurisdiction are sustained and that plaintiffs' complaint is dismissed.

